**Alexei LEONOV Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General Respondent.**

No. 03–60175.
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Feb. 20, 2004.

443

Imran B. Mirza, Quan, Burdette & Per-
ez, Houston, TX, for Petitioner.

Frances M. McLaughlin, Thomas Ward
Hussey, Director, John Clifford Cunning-
ham, John Ashcroft, Washington, DC, Hi-
polito Acosta, Houston, TX, Caryl G.
Thompson, New Orleans, LA, for Respon-
dent.

---

Before KING, Chief Judge, and
EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM.*

Alexei Leonov petitions this
court for review of the Board of Immigra-
tion Appeals' (BIA's) decision denying his
applications for asylum and withholding of
removal. We hold that the BIA's determi-
nation that Leonov had not demonstrated
past persecution or a well-founded fear of
future persecution is supported by sub-
stantial evidence and, therefore, that he is
ineligible for asylum. See 8 C.F.R.
§ 208.13(a), (b); Lopez–Gomez v. Ashcroft,
263 F.3d 442, 444 (5th Cir.2001). Because
Leonov has failed to satisfy the require-
ments for asylum, he has also failed to
satisfy the requirements for withholding of
deportation under the Immigration and
Nationality Act. See Girma v. INS, 283
F.3d 664, 667 (5th Cir.2002). Leonov has
failed to brief the issue whether he is
eligible for withholding under the Conven-
tion Against Torture, and it is therefore
waived. See Calderon–Ontiveros v. INS,
809 F.2d 1050, 1052 (5th Cir.1986).

Insofar as Leonov contends that
the Lautenberg Amendment should be af-
forded evidentiary weight regarding the
persecution of Jews in Russia, we find that
the BIA did acknowledge that legislation
when evaluating the evidence in his case.
Finally, Leonov argues that 8 C.F.R.
§ 208.13 should be construed to afford him
the same procedural benefits afforded
Russian Jews under the Lautenberg
Amendment to avoid an equal protection
problem. However, even if that lowered
standard were applied to his case, he has
not shown "a credible basis for concern

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

about the possibility of [ ] persecution." *See* 8 U.S.C. § 1157 note.

PETITION DENIED.

---

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀ. R. 47.5.4.